UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-225-H

**WILLIE LENARD LEE**                                                                                **PLAINTIFF**

**v.**

**VA HOSPITAL** *et al.*                                                                           **DEFENDANTS**

## MEMORANDUM OPINION

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### I. Summary of Complaint

Plaintiff has filed suit against the V.A. Hospital and its director, Wayne L. Pheffer. Plaintiff used a form complaint to initiate this action. In the section of the form requesting him to "state the grounds for filing this case in federal court," Plaintiff wrote:

> VA Hospital still have the charge against me on my record will not take it off my record. Use this case against me in another case April the 16th can not use this information when it should have been taken off my record.

In the section of the form complaint entitled "statement of claim," Plaintiff wrote:

> 1st case was filed 01-25-2005
> Hearing site Lu. Ky. 3-29-2005
> At 9:30 am Disposition
> TD 4-26-2005
> Magistrate 44AP District Ky WE
> Officer Reid Text 4/26-Disposition Code 71)
> Description Dismissed Acquitted-Trial
> Status Closed Is Code Fine related yes
> Example of disposition Code usage: In trial proceeding, the final judgment is not guilty and the defendant is acquitted of all charges. This information was given to personnel which was suppose to be taken off my record. I took this into the office twice. it still wasn't recorded then I took VA and director to court because they had

suspended me for a week and took pay so I took them to court to get my week back then while in court April 16th they used the information from the last case against me when that should have been taken off my record.

As relief Plaintiff stated that he is seeking the following:

      a.      Want be damage done because of VA and director used information when I was found not guilty on 1st case
      b.      Judge will rule on 2nd case June the 8th
      c.      That is not [t]he problem[,] problem is they should have never use information on 1st case when it was dismissed Sandy is the union head is witness of what happen.

## II. ANALYSIS

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-549 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing this Court's jurisdiction. He cites to no specific federal law as the grounds for filing this case in federal court. He thus fails to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff additionally fails to establish diversity jurisdiction as he has neither demonstrated complete diversity of citizenship with Defendants nor alleged the requisite amount in controversy as required under 28 U.S.C. § 1332.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

As Plaintiff has failed to establish the subject matter jurisdiction of this Court, the instant action will be dismissed by separate order.[1]

Date:

cc:    Plaintiff, *pro se*

4412.008

---

[1] Plaintiff's allegations are also factually and legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of the complaint is also appropriate on that basis under 28 U.S.C. § 1915(e)(2)(B)(i).